(January 17, 1903.)

## BROWN v. VILLAGE OF GRANGEVILLE.

### [71 Pac. 151.]

"TOWNS" AND "VILLAGES" SYNONYMOUS TERMS—TOWNS AND VILLAGES—SUFFICIENCY OF BALLOTS FOR BONDING VILLAGES.—Under section 1, article 12, of the constitution, providing that "the legislature shall provide by general laws for the incorporation, organization and classification of the cities and towns, in proportion to the population, which laws may be altered, amended, or repealed by the general laws," and section 1 of the act approved February 2, 1899, entitled "An act to provide for the issue and sale of municipal coupon bonds, by incorporated cities and towns," etc., which provides "that every city or town incorporated under the laws of the territory of Idaho, or of the state of Idaho, shall have power and authority to issue municipal coupon bonds," *held,* that a village organized under the general laws is included within the word "town." The legislature have

used the words "town" and "village" as synonymous terms. Section 2 of the act approved February 2, 1899, above cited, providing a form of ballot to be used at village elections in voting upon the proposition of issuing municipal bonds, is valid, and provides a sufficient form of ballot for such purpose.

(Syllabus by the court.)

APPEAL from District Court, Idaho County.

L. Vineyard, for Appellant, cites no authorities not found in the opinion of the court.

Fogg & Nugent, for Respondents.

At the time of the adoption of the constitution of this state the words "town" and "village" were used as synonymous terms. Section 2224 of the Revised Statutes of Idaho provides that such municipal organizations shall be known as "town or village," and shall be a "body politic and corporate by the name and style of the inhabitants of the town of ———, or village of ———." The words are used interchangeably, and a board of county commissioners in making an order of incorporation might designate one place as the "town of ———" and another as the "village of ———," and yet their duties and powers would be the same. The supreme court of the United States have passed upon this identical question. The town of Enfield was incorporated under an act of the general assembly of the state of Illinois, entitled "An act to extend the corporate powers of the town of Enfield." The court, after an elaborate discussion of the meaning and use of the two words, say: "It seems to us that the legislature of Illinois, in the act for the incorporation of cities and villages (a later act), intended to avoid hereafter the ambiguous word 'town' as applied to the smaller classes of incorporated municipalities, and to designate them by the single term 'village.' This conclusion is, on the whole, so obvious that we do not hesitate to adopt it, and to hold that the town of Enfield is a village within the meaning of the amending act." (*Town of Enfield v. Jordan,* 119 U. S. 680, 7 Sup. Ct. Rep. 358.) The notice of election, the sufficiency of which is raised by the third specification of error, is certainly

sufficient under the decision of this court in the recent case of *Sommercamp v. Kelly,* ante p. 712, 71 Pac. 147. Publication in a weekly newspaper for five consecutive weeks constitutes thirty days' publication. (*Forsman v. Bright,* ante, p. 467, 69 Pac. 473; *Sommercamp v. Kelly, supra.*)

AILSHIE, J.—This is an appeal from an order refusing to grant an injunction. The plaintiff, who alleges that he is a citizen and taxpayer of the defendant village, filed his verified complaint, alleging the corporate existence of the village of Grangeville, and that the other defendants are the officers of the said village; that on the seventh day of June, 1902, the board of trustees of said village duly passed an ordinance entitled "An ordinance providing for the issuing of municipal coupon bonds for the purpose of providing funds for the erection of a village hall and office building, and to purchase a building site therefor; to provide for submitting the question of issuance of said bonds to a vote of the electors of said village, and calling a special election therefor," numbered Ordinance 78 of said village, and thereafter duly published the same; "that pursuant to said ordinance said board of trustees caused to be published in the 'Idaho County Free Press,' a newspaper published in said village, a notice of the election provided for by said ordinance for the full period of thirty days immediately preceding the said day so fixed by the said ordinance for the said special election"; that on the fifteenth day of July, 1902, and in pursuance of the provisions of said ordinance, an election was held for the purpose of voting upon the proposition of issuing the coupon bonds of said municipality to the amount of $5,000, and that at such election the vote resulted in favor of issuing the same; "that on the nineteenth day of July, 1902, said board of trustees caused a notice of their intention to issue said coupon bonds to be published"; and that said officers "propose and threaten to issue the said coupon bonds." To this complaint are attached, as exhibits, copies of said ordinance and notices. Defendants demurred to the complaint upon the grounds that same does not state facts sufficient to constitute a cause of action. Upon this verified complaint and demurrer

thereto, and after due notice of motion, the plaintiff applied to
the court for an injunction restraining the sale of said bonds
pending said action. After a hearing the court refused to ·
grant a restraining order, and plaintiff appeals from the order.

Appellant assigns errors as follows: 1. There is no authority
under the constitution or laws of the state of Idaho authorizing
villages to issue bonds for any purpose whatever; 2. That Ordinance No. 78 of said village is insufficient, both in substance
and in form, to authorize the issuance of said bonds; 3. That
the notice of election provided for by said Ordinance No. 78 is
insufficient both in substance and in form, and that the publi-
cation of said notice for five consecutive issues of a weekly
paper as provided for by said ordinance, and as in fact pub-
lished, does not constitute thirty days' notice; 4. That the form
of ballot provided for by the laws of the state of Idaho and by
said Ordinance No. 78, and used in the voting at said election,
is so ambiguous as not to express the intention of the voter, and
is void; 5. That the notice of intention to issue and negotiate
said bonds, and inviting bids therefor, is insufficient, both in
substance and in form, and does not authorize said village to
accept any bid in response thereto, nor to issue bonds in accord-
ance therewith. We will consider the errors charged in the
order of their assignment.

1. It is urged by counsel for appellant that since the act of
the legislature approved February 2, 1899, providing "for the
issue and sale of municipal coupon bonds, by incorporated cities
and towns," etc., does not specify villages, they are therefore
prohibited the rights and powers of "cities and towns." Title
13 of the Political Code (Revised Statutes of 1887) is devoted to
"towns and villages," and section 2224 thereof specifically pro-
vides that the inhabitants petitioning to be incorporated, upon
compliance with the statutory requirements, may be incorpor-
ated as a "town or village." Following this legislation, and
in 1889, the constitutional convention adopted article 12 of the
constitution, prescribing powers and duties of municipal cor-
porations, and in section 1 thereof it provides that: "The legis-
lature shall provide by general laws for the incorporation, or-
ganization and classification of the cities and towns in propor-

tion to the population, which laws may be altered, amended or repealed by the general laws. Cities and towns heretofore incorporated may become organized under such general laws, whenever a majority of the electors at a general election, shall so determine, under such provision therefor as may be made by the legislature." The first legislature which convened in 1890 in pursuance of the provisions of this section of the constitution passed an act "to amend title 13 of the Revised Statutes, entitled, 'Towns and Villages,'" which was approved March 7, 1891 (Sess. Laws 1890-91, p. 159), and throughout the act used the words "city, town or village," and "city or town," indiscriminately, and apparently without any purpose to make a distinction between the words "town" and "village." Nowhere in the statutes is any different method provided for incorporating towns than for incorporating villages, and nowhere are different powers granted. By act approved February 2, 1899 (Sess. Laws 1899, p. 29), the legislature provided: "Section 1. That every city or town incorporated under the laws of the territory of Idaho, or of the state of Idaho, shall have power and authority to issue municipal coupon bonds," etc. In the light of this legislation, we are of the opinion that the legislature has used the words "town" and "village" as synonymous terms, and that, in granting authority to towns to issue municipal coupon bonds, villages are included, and the same authority granted thereto. The defendant village, upon being incorporated by order of the board of commissioners, might have been named the "Town of Grangeville" with the same authority and propriety that it was called the "Village of Grangeville." Any municipal subdivision of the county less than a city is included within either of the terms "town" or "village," as is clearly apparent from the legislation of this state from the adoption of the Revised Statutes of 1887 to the present. Our interpretation of these statutes is borne out by the following authorities: *Town of Enfield v. Jordan*, 119 U. S. 680, 7 Sup. Ct. Rep. 358, 30 L. ed. 523; 26 Am. & Eng. Ency. of Law, 99; Black's Law Dictionary, 1180.

2. We have carefully examined Ordinance No. 78, pleaded,

and consider it sufficient to authorize the election, and issuance and sale of bonds voted at such election.

3. This assignment is without merit. Paragraph 5 of the complaint alleges that the publication of notice was for the "full period of thirty days," and this allegation stands admitted.

4. The ballot which the record shows was used is in the exact language of the statute (section 2 of an "Act to provide for issue and sale of municipal coupon bonds," etc., approved February 2, 1899; Sess. Laws 1899, p. 30), and, we think, is sufficient. It is not claimed that the ballots were so ambiguous as to deprive anyone of his right to vote, nor that the vote of anyone, as marked by him, was not counted by the election board as the voter had intended to vote.

5. The notice of intention to issue and negotiate said bonds, and inviting bids therefor, is sufficient. It contains all the statutory requirements.

The complaint does not state a cause of action, and the district judge properly refused to grant the injunction prayed for. The judgment and order are affirmed, with costs to respondents.

Sullivan, C. J., and Stockslager, J., concur.